UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

ROYAL PRINTEX, INC.,

Plaintiff,

v.

UNICOLORS, INC., et al.,

Defendants.

No. CV 07-05395-VBK

FINDINGS OF FACT AND CONCLUSIONS OF LAW

**INTRODUCTION**

This is a copyright case concerning a daisy flower design, which was printed onto fabric and made into items of clothing, which were in turn sold to consumers. Royal Printex, Inc., a California corporation ("Royal"), claims declaratory relief re: non-infringement against Defendants and Counterclaimants Unicolors, Inc. ("Unicolors"). Royal also claims that Unicolors engaged in unfair competition. Unicolors raises the affirmative defenses of failure to state a cause of action; fraud and deceit of Plaintiffs; unclean hands; and fault of Plaintiff. Unicolors counterclaims for copyright infringement and contributory infringement against Royal, Comma Design, Inc., d.b.a. Julia ("Comma") and Rainbow Apparel, Inc. ("Rainbow")(the counterclaims against Comma

and Rainbow are for contributory infringement).

The matter proceeded to bench trial on June 9, 10 and 12, 2009. The Court now issues its Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

1. On December 15, 2006, the U.S. Copyright Office ("Copyright Office") received and registered a number of works, consisting of approximately 60 pattern designs, submitted by Unicolors (identified as "Unicolors Studio"). The date of first publication was identified as December 4, 2006. The pattern at issue in this case is contained within that registration, identified as VA 1-392-580, and the pattern bears the number 611135. It is, generally, a daisy flower design with a polka-dot background ("daisy design").

2. From on and after December 15, 2006, Unicolors sold, advertised and published the daisy design to potential customers.

3. On or about December 15, 2006, Counter-Defendant, K-Pak Clothing, Corp., a California corporation ("K-Pak")[1] received a computer-aided design ("CAD") bearing a flower and dot design ("flower design") from one of its customers, known as Rue-21. K-Pak requested that Royal print the flower design from the CAD onto fabric for one of K-Pak's customers. K-Pak never represented to Royal that either it or any party possessed a copyright registration on the flower design.

4. From approximately December 2006, K-Pak placed several orders with Royal to print the flower design onto approximately 1,900 yards of fabric for one of K-Pak's customers. In January 2007, Royal delivered the fabric bearing the flower design to K-Pak. Thereafter, K-Pak sold

[1] A default judgment was previously entered against K-Pak.

fabric bearing the flower design to one of its customers.

5. From January 2007 through approximately March 2007, Royal printed the flower design onto approximately 16,500 yards of fabric, and sold fabric bearing that design to two of its customers, Comma and J&K Textile, Inc., a California corporation ("J&K").

6. In March 2007, Comma and J&K fashioned the fabric with the flower design into garments which were sold to Rainbow Apparel, Inc. ("Rainbow"), and L.C. Purchasing, doing business as Miry Collection, Inc., a California corporation ("Miry"), and The Zenobia, Inc., a California corporation ("Zenobia").

7. In March and May 2007, Unicolors discovered garments bearing the flower design in the store or in the possession of Rainbow and Miry. Between May and June, 2007, Unicolors sent cease and desist letters to Miry and to Royal, alleging infringement of the daisy design.

8. In April 2007, Unicolors sent a cease and desist letter to Rainbow. As a result, Rainbow ceased selling garments bearing the flower design, and thereafter refused to honor its contractual commitments with Comma to pay for the garments.

9. On May 18, 2009, Comma and Royal entered into a settlement agreement and mutual release by which Royal paid Comma the sum of $75,000 as a compromised amount that Comma was unable to collect from Rainbow as a result of this lawsuit.

10. The flower design and the daisy design are essentially identical. The design of the flower in both the flower design and the daisy design is of a six-petaled daisy flower, with a center round pistil, a short stem, and a small leaf emanating from that stem. The six petals, the stem, and the small leaf are each shadowed, and the resulting flower in both designs repeats in a manner in which the stems

are turned at different angles to each other, and the flowers are relatively equidistant from each other. The background in each of the designs is a generic polka-dot (“polka-dot”) pattern.

11. The predominant part of the overall design of both the daisy design and the flower design consists of the actual flowers depicted in the design, and the placement of the flowers in a repetitive pattern.

12. Flower designs on fabrics have existed for at least hundreds of years, as evidenced by various texts admitted into evidence (Exhibits [“Exs.”] 2-6.)

13. Exhibit 6 is a text entitled “Forties Fabrics,” authored by Joy Shih, published in 1997. On page 50 of that text, in the upper right corner, is a flower design (“forties flower design”). The caption, which the Court has considered for the truth of the matter asserted, states, “Flowers shadowed in black, on ticking stripe background, cotton chintz. Spring 1949.”

14. In the forties flower design, the size, appearance and design of the actual flowers, including their repetitive placement in the design, are essentially identical to the design of the flowers and the repetitive placement of the flowers in both the daisy design and the flower design. The only difference is that in the forties flower design, the background is of a ticking stripe, while in the daisy design and the flower design, the background consists of polka-dots.

15. The Court does not accord any credibility to the testimony offered at trial by Unicolors that the daisy design is an entirely original creation done by Unicolors’ design staff. The testimony of the Unicolors representative regarding this issue was, at best, ambiguous. No particular designer was identified, nor were any records produced evidencing the originality of the design. The Court finds that the

flowers, and their repetitive placement, in both the daisy design and the forties flower design are so identical that no reasonable conclusion can be drawn but that Unicolors copied the flowers, and their repetitive placement, from the forties flower design into the daisy design, and simply substituted polka-dots for the ticking stripe background. The forties flower design existed, certainly, as of 1997, the date of publication of the text "Forties Fabrics," and as early as Spring 1949.[2]

## CONCLUSIONS OF LAW

1. To prevail on a claim of copyright infringement, a party must establish: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work which are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282 (1991); Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996).

2. A certificate of copyright registration constitutes prima facie evidence of copyright ownership. See 17 U.S.C. §410(c).

3. Submission of a certificate of registration by the copyright holder shifts to the alleged infringer the burden of proving invalidity. Entm't Research Group, Inc. v. Genesis Creative Group, 122 F.3d 1211, 1217 (9th Cir. 1997).

4. In order to rebut the presumption of validity, an alleged

---

[2] In final argument, Unicolors' counsel referenced another caption on a different design in the text "Forties Fabrics," for the truth of the matters asserted therein. The Court indicated that if Unicolors' counsel wished the Court to consider that caption for the truth of the matters asserted, it would also so consider other captions in "Forties Fabrics." Counsel for Unicolors did not object, and the Court therefore will consider the captions for the truth of the matters asserted therein. In any event, the forties flower design existed as of 1997, which significantly predates the Unicolors copyright registration for the daisy design.

infringer must offer "some evidence or proof to dispute or deny the [copyright holder's] prima facie case of infringement." (Id.) Because "originality is the indispensable prerequisite for copyrightability," the alleged infringer may rebut the presumption of validity by showing that "the [copyright holder's] work is not original." N. Coast Indus. v. Jason Maxwell, Inc., 972 F.2d 1031, 1033 (9th Cir. 1992).

5. "Originality, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works) and that is possesses at least some minimal degree of creativity." Feist, 499 U.S. at 345, 111 S.Ct. 1282. "[T]he requisite level of creativity is extremely low," Id., but "it is not negligible." Satava v. Lowry, 323 F.3d 805, 810 (9th Cir. 2003). "There must be something more than a 'merely trivial' variation, something recognizably the artist's own." (Id.)

The requisite originality for copyright protection can also be found in the combination of unoriginal (and therefore uncopyrightable) elements. Mere facts are not copyrightable, but the creative organization - choosing which facts to include and how to arrange them - of those facts may be. Urantia Found. v. Maaherra, 114 F.3d 955, 958-59 (9th Cir. 1997).

6. The daisy design in this case does not possess at least the requisite minimum degree of creativity to qualify as an original design which is copyrightable. In the daisy design, the actual flowers, and their repetition throughout the design, constitute the predominant design elements. Neither the flowers, nor their repetitive placement, were independently created by Unicolors.

7. The deletion of the ticking stripe background from the forties flower design, and the insertion of generic polka-dots, does not

constitute the requisite originality required for a design to be copyrightable. For example, seemingly identical background polka-dots are found in design no. 611212, which is part of VA 1-392-580. While the presence of generic polka-dots may be part of a copyrightable design, in this case, they do not impart even a minimum level of originality such as would make the daisy design copyrightable. Thus, the Court concludes that the daisy design is not sufficiently original to warrant copyright protection. Royal did not copy any protectable elements of the daisy design. Juxtaposing the uncopyrightable flowers, with their repetitive pattern, over the polka-dot background does not constitute sufficient originality to warrant copyright protection. Consequently, Unicolors did not have a basis for registering the daisy design with the United States Copyright Office.

8. Because the Court finds and concludes that the daisy design is not copyrightable, the Court declines to issue findings of fact or conclusions of law concerning Royal's affirmative defense that Unicolors violated copyright regulations by combining multiple designs in a single registration.

9. Royal claims damages of $75,000 based upon the amount it paid to Comma pursuant to its settlement agreement. Royal brought claims for declaratory relief as well as federal, common-law, and California statutory unfair competition. Damages are not available under California's statutory unfair competition statute, contained in Business and Professions Code §§17200, et seq.

10. Royal claims that Unicolors engaged in unfair competition by claiming exclusive rights to a fabric design which it did not originally create, obtaining a Certificate of Registration by misleading the Copyright Office, and subsequently stifling competition with the threat

of wholly unjustified legal action. (See Royal's post-trial brief re damages.) The Court, however, does not find that Unicolors engaged in unfair competition, as Royal asserts. While the Court has found that the daisy flower design does not contain sufficient elements of originality to be copyrightable, nevertheless, Unicolors did make some modification of the forties flower design; to wit, by substituting polka-dots for the ticking stripe background. The Court is not persuaded, based upon this evidence, that Unicolors engaged in unfair competition or deceptive practices by either claiming exclusive rights to the daisy design, or by sending out cease and desist letters to various parties here. Thus, the Court finds that, in this instance, Unicolors was entitled to rely upon the presumptive validity of its copyright registration for the daisy design, when it attempted to enforce its registered design, and is therefore not liable for any damages under an unfair competition theory.

11. Unicolors is not entitled to any relief, nor has it suffered any compensable damages.

12. The matter of attorney's fees claimed by Royal against Unicolors will be determined by post-judgment motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(A); see Local Rule 54-12. Costs will be determined by a Notice of Application to the Clerk to Tax Costs under Local Rule 54-3, et seq.

**IT IS SO ORDERED.**

DATED: July 8, 2009

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE